CT Corporation

**Service of Process Transmittal**
12/20/2013
CT Log Number 524102857

TO: Legal Department Crosstex
Crosstex Energy, L.P.
2501 Cedar Springs, Suite 100
Dallas, TX 75201

RE: **Process Served in Louisiana**

FOR: Crosstex Energy Services, L.P. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| TITLE OF ACTION: | Todd M. Elisar, Pltf. vs. Crosstex Energy Services, L.P., Dft. |
| DOCUMENT(S) SERVED: | Citation, Petition, Verification |
| COURT/AGENCY: | 23rd Judicial District Court, Parish of Ascension, LA<br>Case # 00108769E |
| NATURE OF ACTION: | Employee Litigation - Wrongful Termination - on January 30, 2013 |
| ON WHOM PROCESS WAS SERVED: | C T Corporation System, Baton Rouge, LA |
| DATE AND HOUR OF SERVICE: | By Process Server on 12/20/2013 at 09:00 |
| JURISDICTION SERVED: | Louisiana |
| APPEARANCE OR ANSWER DUE: | Within 15 days after the service hereof |
| ATTORNEY(S) / SENDER(S): | Jill L. Craft<br>Attorney at Law, LLC<br>509 St. Louis St<br>Baton Rouge, LA 70802<br>225-663-2612 |
| ACTION ITEMS: | SOP Papers with Transmittal, via Fed Ex 2 Day, 797492418235<br>Image SOP<br>Email Notification, Legal Department Crosstex alaina.brooks@crosstexenergy.com |
| SIGNED:<br>PER:<br>ADDRESS:<br><br><br>TELEPHONE: | C T Corporation System<br>Trevor Garoutte<br>5615 Corporate Blvd<br>Suite 400B<br>Baton Rouge, LA 70808<br>225-922-4490 |



Page 1 of 1 / AN

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.


EXHIBIT A

## CITATION

| | |
|---|---|
| TODD M ELISAR | 23RD JUDICIAL DISTRICT COURT |
| VERSUS | PARISH OF ASCENSION |
| CROSSTEX ENERGY SERVICES LP | STATE OF LOUISIANA |

DOCKET NUMBER: 00108769E

**SERVE: CROSSTEX ENERGY SERVICES LP THRU AGENT**
  CT CORPORATION SYSTEM
  5616 CORPORATE BLVD., SUITE 400B
  BATON ROUGE, LA. 70808

PARISH OF EAST BATON ROUGE

You are hereby summoned to comply with the demand contained in the Petition* of which a true and correct copy accompanies this citation, or make an appearance either by filing a pleading or otherwise, in the 23rd Judicial District Court in and for the Parish of Ascension, State of Louisiana, within fifteen (15) days after the service hereof, under penalty of default.

This service was ordered by Attorney CRAFT, JILL L and was issued by the Clerk of Court on the 2ND day of DECEMBER, 2013.

_____
Deputy Clerk of Court for
Kermit "Hart" Bourque, Clerk of Court

******************************************************************
LEGAL ASSISTANCE IS ADVISABLE AND YOU SHOULD CONTACT A LAWYER IMMEDIATELY.
COURT PERSONNEL ARE NOT PERMITTED TO GIVE LEGAL ADVICE.
******************************************************************

---

### SHERIFF'S RETURN

Received on the ____ day of _____, 20___ and on the ____ day of _____, 20___ served the above named party as follows:
DATE SERVICE ATTEMPTED: _____ TIME SERVICE ATTEMPTED: _____ AM/PM
DATE SERVICE ATTEMPTED: _____ TIME SERVICE ATTEMPTED: _____ AM/PM
DATE SERVICE ATTEMPTED: _____ TIME SERVICE ATTEMPTED: _____ AM/PM
TYPE OF SERVICE:
  ____ PERSONAL _____
  ____ DOMICILIARY _____
  ADDRESS OF ATTEMPTED SERVICE/EXECUTION _____
REASON FOR NON-SERVICE:
  ____ MOVED (NEW ADDRESS) _____  ____ MOVED, ADDRESS UNKNOWN
  ____ NOT KNOWN AT THIS ADDRESS            ____ UNABLE TO LOCATE
  ____ POST OFFICE HAS NO ADDRESS           ____ DISTRICT ATTORNEY RECALLED
  ____ THIS ADDRESS NOT IN OUR PARISH       ____ NOT SERVED IN TIME FOR
  ____ HOLD-REQUEST OF _____            COURT DATE/PAST COURT
  ____ IN ARMED FORCES                      ____ HOSPITALIZED/DECEASED
  ____ RECEIVED TOO LATE FOR SERVICE
  ____ COMMENTS OR OTHER REASONS FOR NOT SERVING _____

RETURNED: PARISH OF _____ this ____ day of _____, 20 ____.

SERVICE:  $ _____            BY: _____
MILEAGE:  $ _____                      DEPUTY SHERIFF
TOTAL:    $ _____

0014

RECEIVED AND FILED
KERMIT HART BOURQUE
CLERK OF COURT

2013 DEC -2 AM 10: 21

Original Signed by
BY Donna Taylor
D.Y. CLERK & RECORDER
ASCENSION PARISH, LA.

23rd JUDICIAL DISTRICT COURT
PARISH OF ASCENSION
STATE OF LOUISIANA

NUMBER 108769    DIVISION "__"

TODD M. ELISAR

VERSUS

CROSSTEX ENERGY SERVICES, L.P.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**DIVISION E**

### PETITION

The Petition of Todd M. Elisar, a person of the full age of majority of Ascension Parish, Louisiana, respectfully represents:

1.

Made defendant herein is the Crosstex Energy Services, L.P., a foreign corporation, authorized and doing business in the Parish of Ascension, which is justly and truly indebted unto Petitioner for all sums as are reasonable under the premises, punitive damages as allowed by law, attorney's fees, litigation expenses, legal interest thereon from the date of demand until paid, and all such other relief to which Petitioner is entitled at law or in equity.

2.

In August, 1985, Petitioner was hired by Defendant as a Roustabout at the Geismar facility. Petitioner was later promoted to Facilities Coordinator/Loader.

3.

At all times pertinent hereto, defendant was an "employer" within the meaning and intent of law and employed greater than five hundred (500) persons, including Petitioner. At all times pertinent, hereto, Petitioner was an "employee" of defendant within the meaning and intent of law.

4.

At all pertinent times, Richard Calhoun, Aaron Wimberly, and Jeff Gautreau were employees of defendant and were Petitioner's supervisors with immediate and successively higher authority over his employment with defendant.

5.

On August 10, 2005, Petitioner sustained a severe left ear injury. At all pertinent times, Petitioner was and is "disabled" within the meaning and intent of law as he has a disability, has a

record of such an impairment, and was regarded by defendant as being disabled.

6.

Defendant initially accommodated Petitioner's disability by affording him an office position which kept him from loud noise and vibration exposure out in the plant environment at the Geismar facility.

7.

In May, 2011, the Gesimar facility received a new plant manger, Mr. Aaron Wimberly, who reported to Mr. Richard Calhoun. Almost immediately, Mr. Wimberly made his intention known to Petitioner that he would not continue to accommodate him. Mr. Elisar also became aware that Mr. Calhoun was micro-managing his time and had ordered that Mr. Elisar no longer receive compensatory time. Petitioner was in constant fear of losing his job which made his work environment very stressful and hostile. Defendant began harassing Mr. Elisar because of his disability.

8.

Mr. Elisar contacted Mr. Calhoun about the situation and, unsatisfied with Mr. Calhoun's response, advised him he would now go to Human Resources. At that point, Mr. Calhoun became enraged and threatened Mr. Elisar to "be careful what you say to HR or you won't like how I handle it afterwards."

9.

Petitioner reported and complained about the situation in his working environment to Human Resources. A few days later, Ms. Walsh from Human Resources arrived at the Geismar facility with Mr. Calhoun. When Mr. Elisar specifically requested to speak with Ms. Walsh separately as his complaint related to Mr. Calhoun, Mr. Calhoun then told him and that he was running the meeting. Mr. Elisar's complaints were never addressed. Following the meeting, Mr. Calhoun told Mr. Elisar: "Don't f*** with me again."

10.

Thereafter, not only were Mr. Elisar's requests for accommodation denied, but he was harassed by both Mr. Wimberly and Mr. Calhoun. Mr. Elisar was assigned virtually every undesirable assignment at the facility and to an entry level position. In December, 2011, Mr. Wimberly announced that per his boss, Mr. Calhoun, Mr. Elisar would no longer be accommodated and he would now be required to work outside in the plant.

11.

In 2011, during the annual hearing test, Mr. Elisar's left ear failed, but the administration of the test caused him extreme pain and bleeding in his left ear. He reported it to the nurse administering the test. The nurse re-administered the test. That night, Petitioner's left ear began to bleed which he reported the next morning. After his report, Mr. Calhoun approached Petitioner and threatened Petitioner saying, "It is in your best interests to find a way not to have this reported." As a result of the threat, Petitioner emailed Mr. Brian Heck, Safety, and advised him it was an ear infection instead of a ruptured ear drum, as was actually diagnosed by his treating physician.

12.

On May 25, 2012, another employee turned an incorrect valve in the lab causing a loud, concussive noise when Petitioner was walking by. As a result, Petitioner became disoriented to the point that he was found unconscious in the parking lot. An ambulance was called and he was taken for treatment. He had suffered a ruptured ear drum, secondary to his disability. On his release to return to work by Dr. Arriaga, he again requested accommodations consisting of "no working above ground level, on uneven surfaces or exposure to loud noises." The accommodation requests were also denied and the harassment escalated.

13.

By early February, 2013, Petitioner had applied for two promotions and there existed a posting for an Outside Operator position. Petitioner approached his immediate supervisor, Mr. Jeff Gautreaux, and asked what it was he had to do to get a promotion. Mr. Gautreaux advised Mr. Elisar he was never going to get any promotions because Petitioner was "different in Aaron's eyes" because of his disability.

14.

On January 30, 2013, Petitioner and other coworkers were performing duties in the part of the plant which was under construction and there were no loud noises nor vibrations in the area. Petitioner, who always wears custom ear protection inserts and a pair of ear muffs he purchased for himself, saw Mr. Wimberly giving instructions to his co-workers. When he approached Mr. Wimberly, he lifted the ear muffs, but not the ear plugs, to hear what Mr. Wimberly was saying. Mr. Wimberly then reached over and slapped one of the ear muffs down. Petitioner told Mr. Wimberly he had simply lifted the muff to hear what he was saying.

Petitioner continued to work the remainder of his shift without incident.

15.

On February 14, 2013, Petitioner was called into a meeting with Mr. Wimberly, Mr. Gautreaux, Greg Gibson, and a female from Human Resources by speaker phone. Mr. Wimberly advised Petitioner he was terminated due to an incident on January 30, 2013, effective immediately. When Petitioner attempted to confront the termination as false, Mr. Wimberly told Petitioner that he had committed a direct safety violation.

16.

Petitioner reported and complained about the situation in his working environment to defendant on numerous occasions, to no avail. Petitioner additionally requested reasonable accommodations for his disability, which were denied.

17.

Petitioner contends that he was harassed and discriminated against on account of his disability, all in violation of law. Petitioner also contends that he was subjected to unlawful retaliation and reprisal in violation of law.

18.

At no time did defendant have in full force and effect an effective policy regarding disability discrimination/harassment and retaliation and/or reprisal. In spite of Petitioner's protests and complaints regarding defendant's behavior, defendant took no action to remedy the situation in Petitioner's working environment.

19.

As a result of the incidents sued upon herein, Petitioner sustained damages which include, but are not limited to, past and future lost wages and benefits, extreme emotional distress and mental anguish, pain and suffering, humiliation and embarrassment, loss of earning capacity, past and future medical/psychological expenses, and all such other damages as will be more fully shown at trial of this matter and all for which Petitioner specifically sues herein.

20.

The actions of defendant were extreme outrageous, sudden, and unexpected, especially given that Petitioner, who is still in need of medical treatment, was suddenly unemployed. The actions of defendant caused Petitioner extreme emotional distress and constituted the tort of intentional infliction of emotional distress, all for which Petitioner specifically sues for herein.

21.

Petitioner timely filed Charges of Discrimination with the EEOC and LCHR and has not yet received his Notice of Right to Sue. Petitioner additionally placed defendant on notice of his claims, defendant actively participated in the EEOC and LCHR process, and all conditions precedent to suit under La R.S. 23:303 have been met and/or complied with.

22.

Petitioner is entitled to and desires an award of attorney's fees in his favor pursuant to law.

23.

Petitioner further contends, based upon Defendant's deliberate and intentional conduct, Defendant is liable unto Petitioner for punitive damages as provided by the ADA.

24.

Petitioner is additionally entitled to and desires an award of all such other relief to which he is entitled at law or in equity.

25.

Petitioner is entitled to and desires trial by jury of this matter.

WHEREFORE, Petitioner, Todd M. Elisar, prays for trial by jury and after due proceedings are had that there be judgment herein in her favor and against defendant, Crosstex Energy Services, L.P., for all sums as are reasonable under the premises, punitive damages as allowed by law, all costs of these proceedings, attorney's fees, legal interest thereon from the date of judicial demand until paid, and all such other relief to which Petitioner is entitled at law or in equity.

Respectfully submitted,

By: _____
JILL L. CRAFT, La. Bar Roll No. 20922
Attorney at Law, LLC
Crystal LaFleur, La. Bar Roll No. 27490
509 St. Louis Street
Baton Rouge, Louisiana 70802
Telephone: (225) 663-2612
Fax: (225) 663-2613

**PLEASE SERVE:**

Crosstex Energy Services, L.P.
Through its registered agent for service
CT Corporation System
5616 Corporate Blvd., Suite 400B
Baton Rouge, LA 70808

A TRUE COPY
_Donna Taylor_
Deputy Clerk & Recorder
ASCENSION PARISH  12/2/13

23rd **JUDICIAL DISTRICT COURT**
**PARISH OF ASCENSION**
**STATE OF LOUISIANA**

NUMBER 108709   DIVISION "___"

RECEIVED AND FILED
KERMIT HART BOURQUE
CLERK OF COURT

2013 DEC -2  AM 10: 21

Original Signed by
Donna Taylor
BY _____
D.Y. CLERK & RECORDER
ASCENSION PARISH, LA.

**TODD M. ELISAR**

**VERSUS**

**CROSSTEX ENERGY SERVICES, L.P.**

*************************************************************

**VERIFICATION**

STATE OF LOUISIANA
PARISH OF EAST BATON ROUGE

BEFORE ME, Notary Public, personally came and appeared:

**TODD M. ELISAR**

a resident of the full age of majority of Ascension Parish, Louisiana, who upon being duly sworn did depose and state that he is the Petitioner in the above and foregoing Petition, that he has read same and all facts and allegations contained therein are true and correct.

_____
**TODD M. ELISAR**

SWORN TO AND SUBSCRIBED before me, Notary Public, this 22 day of November, 2013.

_____